20-1535-cv
*Shane Campbell Gallery, Inc. v. Frieze Events, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand twenty.

PRESENT:   ROBERT D. SACK,
           DENNY CHIN,
           RAYMOND J. LOHIER, JR.,
                 *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SHANE CAMPBELL GALLERY, INC., on
behalf of itself and all others similarly situated,
                 *Plaintiff-Appellant*,


            -v-                                          20-1535-cv

FRIEZE EVENTS, Inc.,
                 *Defendant-Appellee.**


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\* The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

FOR PLAINTIFF-APPELLANT:          JAMES A. FRANCIS, Francis Mailman
                                   Soumilas, P.C., Philadelphia, Pennsylvania

FOR DEFENDANT-APPELLEE:           MICHAEL C. LYNCH, JR. (James B. Saylor, *on
                                   the brief*), Kelley Drye & Warren, LLP, New
                                   York, New York

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Shane Campbell Gallery, Inc. (the "Gallery") appeals from the district court's judgment, entered May 13, 2020, dismissing with prejudice its claims for breach of contract against defendant-appellee Frieze Events, Inc. ("Frieze"). By order entered April 28, 2020, the district court granted Frieze's motion to dismiss the Gallery's second amended complaint (the "SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and issued an opinion explaining its reasoning on May 11, 2020.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

---

[1] The Gallery asserted other claims against Frieze, and plaintiff Julie N. Campbell also asserted claims against Frieze. These claims were dismissed by the district court in an opinion and order entered February 27, 2020. As the Gallery did not pursue these claims and appeals only the dismissal of the SAC, and Campbell did not appeal the dismissal of her claims, we do not discuss these other claims.

This action arises out of the 2018 Frieze Art Fair (the "Fair"), which took place outdoors on Randall's Island in New York in temporary tent structures. The Gallery alleged, *inter alia*, that Frieze breached the parties' contract by failing to use commercially reasonable efforts to provide common area air conditioning throughout the exhibition tents at the Fair during a heatwave, with temperature highs in the 90s. The district court dismissed the SAC on the basis that the Gallery failed to plausibly allege an objective standard of commercial reasonability, and that, even assuming it had done so, the Gallery still failed to sufficiently plead how Frieze's conduct fell short of the standard.

We review *de novo* a district court's grant of a motion to dismiss. *See Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019). As the case law on New York's commercial reasonability standard is scant, the district court relied on the explanation of the standard set forth in *Holland Loader Co. v. FLSmidth A/S*, 313 F. Supp. 3d 447 (S.D.N.Y. 2018), to evaluate Frieze's compliance with the "commercially reasonable efforts" clause in this case. *Holland Loader Co.* explained that, under New York law, "[w]hen the term 'commercially reasonable efforts' is not defined by the contract, courts in [the Southern District of New York] require the party seeking to enforce the efforts provision to establish the objective standard by which the breaching party's efforts are to be judged, in the context of the particular industry." 313 F. Supp. 3d at 472-73, *aff'd*, 769 F. App'x 40 (2d Cir. 2019) (summary order). "A court's evaluation

-3-

of a party's compliance with a 'commercially reasonable efforts' requirement does not involve a hindsight comparison of the party's actual conduct to that which could have been undertaken to produce a better result; a court should evaluate only whether the party's actual conduct was sufficient." *Id.* The parties do not contest this understanding of the standard, and so we assume without deciding that the district court applied the correct standard under New York law.

The district court held that the Gallery failed to identify an industry-specific objective standard of commercial reasonability. We agree. The Gallery argues that the SAC's references to the standards of the American Society of Heating, Refrigerating, and Air Conditioning Engineers (the "ASHRAE") and to New York City Building Code section 1204.2 were sufficient. As the district court noted, however, the Gallery's reference to the ASHRAE standards lacks the requisite specificity, and the New York City Building Code section 1204.2 does not apply to temporary structures like the tents at the Fair. The Gallery only alleges that Frieze failed "to comply with applicable standards established" by the ASHRAE or "other standards of good engineering practice" but does not provide any detail about the applicable standards. App'x at 60. Further, the Gallery appears to concede that New York City Building Code section 1204.2 is inapplicable to temporary structures, like the tents at the Fair, and instead states that it only cites to this statute as an "example of an authoritative

standard." Appellant's Br. at 17 n.6.[2] We agree with the lower court that these references to industry standards are either inapplicable to the case at hand or too cursory to survive a motion to dismiss. In sum, the Gallery has failed to identify any specific "commercially reasonable step" with which Frieze failed to comply. *JFK Holding Co. v. City of New York*, 21 N.Y.3d 722, 727 (2013); *cf. Schimmel v. Pfizer Inc.*, No. 0600173/2008, 2008 WL 4106908, at *5-6 (N.Y. Sup. Ct. Aug. 21, 2008) (denying motion to dismiss breach of contract claim where defendant's representations to plaintiffs during negotiations created a question of fact as to whether defendant exerted "commercially reasonable efforts" in fulfillment of its contractual obligations).

While we conclude that the Gallery failed to plausibly allege an objective standard of commercial reasonability, we note that the SAC also fails to specifically allege the purported failings in Frieze's actions. Rather, the Gallery pleaded twenty-six potential theories of breach, without providing any indication as to which of these theories accounts for Frieze's conduct here. Indeed, the SAC fails to meet the basic pleading standard under *Twombly*, which requires giving "the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alteration omitted). Accordingly, the Gallery has failed to plead factual content that would allow us to draw the reasonable

---

[2]   The New York City Construction Code addresses temporary structures separately. *See* N.Y.C. Constr. Code §§ 28-111.1, *et seq*.

inference that Frieze is liable for the misconduct alleged and therefore has failed to meet the requisite "facial plausibility" standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

\* \* \*

We have considered the Gallery's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk